## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  CHAD EASTMAN; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-550-HE |
| | ) | |
| (1)  UNITED STATES FIRE INSURANCE<br>COMPANY; | ) | |
| (2)  CRUM & FORSTER INSURANCE<br>GROUP; | ) | |
| (3)  CRUM & FORSTER INSURANCE<br>GROUP; | ) | |
| (4)  THE REDWOODS GROUP, INC.; | ) | |
| (5)  MARKETERS GENERAL INS,<br>AGENCY, INC.; | ) | |
| (6)  CRUM & FORSTER INDEMNITY<br>COMPANY; | ) | |
| (7)  FAIRFAX FINANCIAL HOLDINGS,<br>LIMITED; | ) | |
| (8)  THE PROGRESSIVE COMPANY; and | ) | |
| (9)  PROGRESSIVE INSURANCE<br>COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ANSWER</u>

Defendant, United States Fire Insurance Company ("Defendant"), by counsel, and

as its Answer to Plaintiff's Petition filed in Beckham County, State of Oklahoma, generally

denies each and every allegation in the Petition unless specifically admitted herein, and for

further response states as follows:

Defendant admits that on or about June 2, 2015, a policy of insurance was in place issued by Defendant to Kilhoffer Propane, Inc., and that such policy included uninsured motorist coverage.  Defendant avers that the terms of the policy speak for themselves.

Defendant denies that: "Crum and Forster is part of Fairfax Financial Holding Limited, and is comprised of United States Fire Insurance Company, Crum & Forster Insurance Company, and Crum and Forster Indemnity Company.

Defendant denies that: "The Policy was sold, marketed, or administered through the Redlands Group and/or Marketers General Insurance, Inc."

Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in the Petition.

Defendant denies Plaintiff's prayer for relief, and requests that judgment be entered in Defendant's favor and that Plaintiff takes nothing.

## AFFIRMATIVE DEFENSES

1.      Failure to state a claim for which relief can be granted and/or Plaintiff cannot adduce sufficient evidence to prove a claim upon which relief may be granted.

2.      Defendant did not breach the insurance contract.

3.      Plaintiff may have been negligent and said negligence, if any, may have been the sole cause of the underlying accident and any injuries.

4.      Comparative negligence.

5.      Any loss sustained by Plaintiff may have been caused or contributed to by the acts or omissions of others.

6.    Evidence of Plaintiff's medical expenses, if any, is strictly limited by application of 12 O.S. Section 3009.1.

7.    Some or all of Plaintiff's alleged medical conditions may have pre-existed the subject accident.

8.    Some or all of Plaintiff's medical treatment and related expenses may have been unreasonable, unnecessary and/or not directly caused or contributed to by the subject accident.

9.    Estoppel of denial of terms of policy and/or acceptance and/or ratification of the policy.

10.   Plaintiff's claims, or some of them, are barred by the statute of limitations.

11.   Failure of condition precedent to coverage (including but not necessarily limited to lack of compliance with provision policy titled "Duties In The Event Of Accident, Claim, Suit Or Loss").

WHEREFORE, having fully Answered, this defendant respectfully prays that Plaintiff takes nothing by way of his Petition and that judgment be entered for this defendant together with its costs, fees and expenses of this action with such other relief as the Court deems just and proper.

Dated this 17th day of June, 2020.

Respectfully submitted,


 s/ John C. Lennon
Peter L. Wheeler
Oklahoma Bar No. 12929
John C. Lennon
Oklahoma Bar No. 30149
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
(405) 235-1611 (t)
(405) 235-2904 (f)
pwheeler@piercecouch.com
jlennon@piercecouch.com

*Attorneys for Defendant USFIC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 17th day of June, 2020, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark Shores
Post Office Box 2955
Oklahoma City, OK  73101
*Attorney for Plaintiff*

 s/ John C. Lennon
John C. Lennon